IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: FLAT GLASS ANTITRUST LITIGATION (II) | ) ) ) | Misc. No. 08-180 MDL No. 1942 |
| JELD-WEN, INC., Plaintiff, vs. AGC AMERICA, INC., *et al.*, Defendants. | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 11-658 |

AMBROSE, Senior District Judge

# OPINION
# AND
# ORDER OF COURT

Defendants, AGC America, Inc., AGC Flat Glass North America, Inc., Guardian Industries Corp., Pilkington North America, Inc., and Pilkington Holdings, Inc., filed a Motion for Partial Summary Judgment or, in the alternative, Motion to Strike Expert Damages Report. (ECF Nos. 138 and 142).[1]  Therein, Defendants argue that partial summary judgment is appropriate as to Plaintiff's umbrella theory of damages since the umbrella theory of damages is not viable and, thus, request that this Court limit the total overages for which Plaintiff may recover. *Id.*  Alternatively, Defendants seek an order striking portions of the damages expert report of Dr. Leffler related to the umbrella theory since damages thereunder are not recoverable and because Defendants were not on notice that Plaintiff was seeking such damages until the time it received Dr. Leffler's report. *Id.*  In opposition, Plaintiff argues that a summary judgment is procedurally inappropriate. (ECF No. 148).  Additionally, Plaintiff submits that the umbrella theory of damages is permissible in this case. *Id.*  Finally, Plaintiff submits that

---

[1] The parties submitted both redacted versions and sealed unredacted versions of all filings related to the instant motion.  *See,* ECF Nos. 138-154.  For purposes of this opinion and order of court, from hence forward, I will refer only to the redacted versions of the filings.

it disclosed that it was seeking said damages. *Id.* Defendants filed a Reply Brief thereafter. (ECF No. 156). The issues are now ripe for review.

After careful consideration of the submissions by the parties and as more fully set forth below, the Defendants' Motion for Partial Summary Judgment (ECF Nos. 138/142) is denied.

### A. Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.,* 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 896 (3d Cir. 1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. *Id.* Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex,* 477 U.S. at 322.

Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits,

2

depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id.* at 324. Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *White v. Westinghouse Electric Co.,* 862 F.2d 56, 59 (3d Cir. 1988), *quoting, Celotex*, 477 U.S. at 322.

### B.    Motion for Partial Summary Judgment

The essence or core of the challenge brought by Defendants centers around the damages recoverable by Plaintiff. (ECF No. 139). Plaintiff's damages expert, Dr. Leffler, issued a report claiming Plaintiff is entitled to damages based, in part, on purchases from Cardinal Glass Industries ("Cardinal")[2] under the umbrella theory of recovery of damages.[3] Defendants argue that both the Third and Ninth Circuits have rejected damages under the umbrella theory of recovery because such damages are unreasonably speculative. (ECF No. 139, pp. 5-8). As such, Defendants argue summary judgment on this issue is appropriate.[4] *Id.*

In response, Plaintiff initially argues that a motion for summary judgment is the improper procedural method to raise such an argument. (ECF No. 148, pp. 10-11). The proper method to raise an issue related to the proper measure of damages, Plaintiff submits, is through a motion *in limine*. *Id.* I agree with Plaintiff. A motion *in limine* is defined as "[a] pretrial motion requesting [the] court to prohibit opposing counsel from referring to or offering evidence on matters...prejudicial to the moving party," and the '[p]urpose of such motion is to avoid injection

---

[2] Cardinal is not a named defendant in the case and is not referenced in the Complaint as a co-conspirator or otherwise. *See,* ECF No. 1.

[3] Under the umbrella theory of damages recovery in price fixing conspiracy cases, a party seeks to recover damages from third party purchases resulting from harm flowing from the price fixing conspiracy, even though the price fixing defendants did not receive the gains and were not involved in their competitor's pricing decisions. *See, In re Automotive Parts Antitrust Litig.,* Nos. 2:12-cv-00302 and 00303, 2014 WL 2993742, *9 (E.D. Mich. July 3, 2014), *citing, In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.,* 691 F.2d 1335, 1339 (9th Cir. 1982); *In re Lower Lake Erie Iron Ore Antritrust Litig.,* 998 F.2d 1144 (3d Cir. 1993).

[4] For clarification purposes, I note that this is not a *Daubert* Motion challenging the methods of estimating damages or disputing the evidence underlying Dr. Leffler's calculations. (ECF No. 156, p. 4). Rather it is a question of the damages recoverable by Plaintiff.

into trial of matters which are irrelevant, inadmissible, and prejudicial...." Black's Law Dictionary 1013 (6th ed. 1990). Otherwise stated, the purpose of a motion in limine is "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.,* 913 F.2d 1064, 1069 (3d Cir. 1990), *citing In re Japanese Elec. Prod. Antitrust Lit.,* 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1985). Defendants' Motion does not resemble a motion for summary judgment as the standard is set forth above. *Bradley,* 913 F.2d at 1069 ("[S]ummary judgment motion...is designed to eliminate a trial in cases where there are not genuine issues of fact...."). In fact, contrary to Defendants' position, the Third Circuit case cited by Defendants in their Reply Brief further supports that summary judgment issues turn on questions of fact. *See, Vitalia v. Sun Constructors, Inc.,* 481 Fed. Appx. 719, 729 (3d Cir. 2012) (Third Circuit determined that there were no genuine issues of material fact regarding reckless indifference or malice such that punitive damages were not recoverable.). Defendants' instant Motion, however, does not involve an issue of fact but, rather, squarely involves a ruling on the permissible damages allowable and admissibility of evidence related thereto typically considered on an *in limine* basis. *See*, ECF No. 139.

Defendants have already submitted a proper motion for summary judgment motion and said motion had been long since ruled upon. (ECF No. 108). I retained jurisdiction after my ruling on the summary judgment motion to permit expert discovery on damages. I decline, however, to rule upon any motions sounding *in limine* that relate to damages and the admissibility of evidence related thereto. Said motions are more properly brought before the court of original jurisdiction trying the case. As such, I will deny Defendants' Motion without prejudice to be reasserted before the trial judge once this MDL case is closed and remanded back to its original jurisdiction.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: FLAT GLASS ANTITRUST LITIGATION (II) | ) ) | Misc. No. 08-180<br>MDL No. 1942 |
| JELD-WEN, INC., | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 11-658 |
| AGC AMERICA, INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

AND now, this 4th day of September, 2014, it is ordered that Defendants' Motion for Partial Summary Judgment or, in the alternative, Motion to Strike Expert Damages Report (ECF Nos. 138 and 142) is denied without prejudice.

                                          BY THE COURT:

                                       s/ Donetta W. Ambrose
                                          Donetta W. Ambrose
                                          United States Senior District Judge